UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIAS ARABO,

    Petitioner,                                     Case No. 06-12487

v.                                                Honorable John Corbett O'Meara

DAN LANE, St. Clair County Sheriff,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter came before the court on petitioner Elias Arabo's June 2, 2006 motion for writ of *habeas corpus*. On June 5, 2006, Petitioner filed an emergency motion to expedite hearing on the motion for writ. St. Clair County Assistant Prosecutor Jennifer Smith-Deegan filed an answer to the petition and a response to the motion to expedite June 7, 2006, at which time named defendant Dan Lane filed a concurrence. The court heard oral argument June 7, 2006, thereby granting the motion to expedite hearing. On June 8, 2006, Petitioner filed a supplemental brief.[1]

## BACKGROUND FACTS

Petitioner Elias Arabo is a Michigan prisoner awaiting trial in St. Clair County on marijuana charges. Petitioner was arraigned April 20, 2006, in the Seventy-Second District Court for the State of Michigan on a complaint and warrant charging him with possession with intent to deliver more than 45 kilograms of marijuana in violation of Mich. Comp. Laws Ann. § 333.7401(2)(d)(1). At the arraignment, the prosecutor asked that bond be set in the amount of $1 million, cash or surety. With little explanation, however, the court set bond in the amount of $5 million.

---

[1] Also on June 8, 2006, an order requiring a response to the petition was entered in error.

Petitioner Arabo appealed the release decision to the Circuit Court for the County of St. Clair. The circuit court found the $5 million bond "way excessive" and reduced it to $800,000, cash or surety. Unable to post bond in such an amount, Petitioner, pursuant to MCR 6.106(H)(1), filed a Motion for Modification of Release Decision in the Michigan Court of Appeals. The motion to review bail was denied; and Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied his application May 26, 2006. Petitioner, having exhausted his state court remedies, then filed this motion for writ of *habeas corpus*, alleging that the $800,000 bond is a violation of the Eighth Amendment prohibition of excessive bail.

## LAW AND ANALYSIS

In Michigan, "if a lower court's bail decision is reviewed, it '. . .may not be vacated, modified, or reversed except on a finding of an abuse of judicial discretion.'" Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981). A federal court may consider only whether the state court judges acted arbitrarily in setting bail. See, United States v. Grady, 812 F.2d 347 (7th Cir. 1987).

Michigan Court Rule 6.106 provides for the release of defendants pending trial. Subrule (C) provides,

> If the defendant is not ordered held in custody pursuant to subrule (B) [for a defendant charged with murder or treason or with committing a violent felony], the court must order the pretrial release of the defendant on personal recognizance, or on an unsecured appearance bond, subject to the conditions that the defendant will appear as required, will not leave the state without permission of the court, and will not commit any crime while released, <u>unless the court determines that such release will not reasonably ensure the appearance of the defendant as required, or the such release will present a danger to the public</u>.

MCR 6.106(C)(emphasis added).

2

Subrule (E) states, "If the court determines <u>for reasons it states on the record</u> that the defendant's appearance or the protection of the public cannot otherwise be assured, money bail, with or without conditions described in subrule (D), may be required." Moreover, subrule (F) provides a list of nine factors the court is to consider in deciding which release to use and what terms and conditions to impose.

This court has read the transcripts of the relevant hearings and the written orders of the state courts in this matter. The prosecution's argument in state court and before this court was based upon the following alleged facts or reasonable suppositions: 1) the alleged conduct involved possession of over 400 pounds of pre-packaged marijuana; 2) certain aspects of the case suggest that Petitioner may have been involved in a large criminal enterprise; 3) Petitioner is not a resident of St. Clair County, but of Shelby Township, Macomb County; 4) Petitioner's relatives appeared to be sequestering assets immediately following Petitioner's arrest; 5) his assets include equity interest in two houses, a boat, leased cars, cash and jewelry; and 6) the larger criminal enterprise, if it exists, is proof of the danger to the community which may occur if Petitioner is not detained.

This court should not and will not make any findings of fact. However, the existence *vel non* of a larger criminal enterprise is not necessarily probative of the proposition that Petitioner, if not detained, would continue to act in a way that will present a danger to the community. On the contrary, a large criminal enterprise, if it exists, could and would go on without Petitioner and would likely exclude him from its dealings while he was charged for a crime related to its activities.

The prosecution's fear of flight arguments seem concentrated on the fact that Petitioner's primary residence is in Shelby Township in Macomb County, not in St. Clair County. However, the two counties are adjacent to one another. The problem of a defendant living in an adjacent county

is dealt with regularly in federal court criminal proceedings throughout the country, as well as in state courts.

The prosecution also suggests that the close proximity of one of Petitioner's purported houses to Canada enhances the concern that he might be a flight risk. It is this court's experience that a very high percentage of criminal defendants in southeastern Michigan live close to a body of water across which is our neighbor to the north, Canada; that fact alone is never used to suggest it enhances reasonable fear that a defendant might flee.

These are all arguments made by the prosecutor according to the transcripts of the two appearances before state court judges involved in setting the level of bond. Neither judge, however, articulated findings of fact which cover the mandate of MCR 6.106. If findings of fact had been made, they might have made more reasonable the high amount of bond required first by the district court judge and then the lower level required by the circuit court judge. It seems likely that the level of bond requirement set by the two state court judges (as well as the $1,000,000 cash or surety bond, no 10%, requested by the prosecutor) was set not because of a conclusion that Petitioner at large presented a danger to the community or a conclusion that he was a flight risk but simply that he should be locked up. That's not good enough. To the extent the bond decisions were based only upon a desire to keep Mr. Arabo off the streets, they do not pass constitutional muster.

This court concludes that because the state court judges failed to make and articulate findings in accordance with MCR 6.106, the level of bond was set in an arbitrary fashion. Therefore, the matter must be remanded to the Circuit Court for the County of St. Clair for findings of fact, if they can be made, supporting reasonable concern for the safety of the community and/or a reasonable fear that Petitioner might flee.

4

This court will retain jurisdiction as necessary to consider, if later requested by the petitioner, whether the St. Clair County Circuit Court has articulated findings of fact which reasonably support a bond of $800,000[2] or some other amount consistent with the court's ruling. If St. Clair County Circuit Court fails to provide these findings by the close of business on Thursday, June 15, 2006, and its failure is brought to the attention of this court, this court will take further action as it deems appropriate.

## ORDER

It is hereby **ORDERED** that Petitioner's June 5, 2006 emergency motion to expedite hearing is **GRANTED.**

It is further **ORDERED** that Petitioner's June 2, 2006 motion for writ of *habeas corpus* is **DENIED WITHOUT PREJUDICE.**

It is further **ORDERED** that this matter is **REMANDED** to the Circuit Court for the County of St. Clair for further action in accordance with this order.

s/John Corbett O'Meara<br>
John Corbett O'Meara<br>
United States District Judge

Dated: June 09, 2006

---

[2] The court takes judicial notice of the fact that in United States District Court for the Eastern District of Michigan, a criminal defendant in a case involving the crimes charged against this petitioner (even for the large quantity of marijuana that is allegedly involved) would routinely be released, with conditions of course, between the time of his arraignment and his trial date.

Certificate of Service

I hereby certify that a copy of the above Memorandum Opinion and Order was served upon Mark Kriger, N.C. Deday LaRene, and John Monaghan electronically, and upon Jennifer Smith Deegan via fax on June 09, 2006.

s/William J. Barkholz  
Deputy Clerk